IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STANTON STORY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 15-1241 |
| | ) | Chief Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | |
| JOHN E. WETZEL, DORINA VARNER, | ) | |
| KERRI MOORE, ROBIN M. LEWIS, L.S. | ) | |
| KERNS, BARR, ROBERT GILMORE, | ) | |
| TRACEY SHAWLEY, IRMA VIHLIDAL, | ) | |
| DR. BYUNGHAK JIN, CAPTAIN | ) | |
| ARMSTRONG, CAPTAIN MITCHELL, LT. | ) | |
| KELLY, LT. SILBAUGH, LT. HOWELLS, | ) | |
| LT. A.J. MORRIS, LT. GREGO, C.O. | ) | |
| JOHNSON, C.O. BARNHART, C.O. | ) | |
| SCHIRRA, SARGENT PLUMLEY, | ) | |
| SARGENT TROUT, and NURSE JANE | ) | Re: ECF No. 83 |
| DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

**KELLY, Chief Magistrate Judge**

Plaintiff Stanton Story ("Plaintiff") is an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), and is currently incarcerated at the State Correctional Institution at Greene ("SCI Greene"). Plaintiff initiated with civil action on September 23, 2015, bringing claims against Defendants alleging that they violated his rights provided by the First, Eighth and Fourteenth Amendments to the United States Constitution relative to an anal probe and enema performed by Dr. Jin after Plaintiff purportedly received contraband from a visitor, and Plaintiff's subsequent confinement to a cell where he was allegedly shackled and handcuffed to the wall for 26 hours. Plaintiff has also brought claims revolving around the alleged confiscation of both his legal and personal property in October of 2014.

Following the adjudication of a Motion to Dismiss filed by Dr. Jin and a separate Motion to Dismiss filed by the DOC Defendants, Plaintiff's Eighth Amendment claims revolving around his alleged unconstitutional confinement brought against Defendants Kelly, Johnson I, Barnhart and Schirra at Count IV of the Complaint, and a state law claim for conversion brought against Defendants Plumley, Trout and Johnson II at Count VII remain. ECF No. 70. Plaintiff, however, was permitted to amend his Complaint with respect to his Eighth Amendment deliberate indifference claim brought against Dr. Jin at Count IV, and his First Amendment access to the courts claim brought against Defendants Trout and Barnhart at Count VI. Id. Plaintiff, in fact, filed an Amended Complaint on December 9, 2016, ECF No. 71, and on December 29, 2016, the DOC Defendants filed a renewed Motion to Dismiss. ECF No. 72. Dr. Jin filed a renewed Motion to Dismiss on January 20, 2017. ECF No. 87. Both Motions are currently pending.

On January 19, 2017, Plaintiff filed a Motion for Temporary Restraining Order and/or Preliminary Injunction, which is presently before the Court. ECF No. 83.[1] Plaintiff alleges that on December 22, 2016, he was taken from his cell in the Restricted Housing Unit ("RHU") in order to inventory his property and that during the process his legal material and some books were taken from him by some unidentified officers. ECF No. 84-1 ¶ 2. Plaintiff alleges that, as of January 19, 2017, when he filed the instant motion, the items at issue had not been returned to him despite Plaintiff's requests. Id. ¶ 3.

Preliminary injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances." American Telephone & Telegraph Co. v. Winback and Conserve

---

[1] As pointed out by the DOC Defendants, although the analysis applicable to the adjudication of a request for a temporary restraining order and a preliminary injunction is the same, because they have been provided notice prior to the issuance of an order regarding the requested relief, Plaintiffs' request is properly designated as a motion for preliminary injunction. See Fed. R. Civ. P. 65(b). See also Keszthelyi v. Lappin, 2007 WL 2713249, at *1 n.1 (W.D. Pa. 2007), aff'd, 293 F. App'x 843 (3d Cir. 2008).

2

Program, Inc., 42 F.3d 1421, 1426-27 (3d Cir. 1994) (internal quotations and citations omitted). In order to obtain such relief, the moving party bears the burden of establishing: "(1) a likelihood of success on the merits; (2) that [he] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Kos Pharms, Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004), *citing* Allegheny Energy, Inc. v. DQE, Inc., 171 F.3d 153, 158 (3d Cir. 1999). See Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989); Brown v. Diguglielmo, 2007 WL 4570717, at *1 (E.D. Pa. 2007). "The facts must clearly support a finding that *immediate* and *irreparable* injury will result to the movant if preliminary relief is denied." Miskovitch v. Hostoffer, 2007 WL 433142, at *2 (W.D. Pa. 2007), *citing* U.S. v. Stazola, 893 F.2d 34, 37 n.3 (3d Cir. 1990) (emphasis added). See id. *citing* ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987) (it is not enough to merely show irreparable harm: the plaintiff has the burden of showing immediate irreparable injury, which is more than merely serious or substantial harm and which cannot be redressed with money damages).

Here, counsel for the DOC Defendants has represented in the Response to the instant Motion that, having contacted SCI Greene, she was informed that Officers Phillips and Gumbert inventoried Plaintiff's property on the date in question -- December 22, 2016. ECF No. 99 ¶ 8.[2] Defendants have also submitted a Declaration from Officer Phillips in which he declares under penalty of perjury that neither he nor Officer Gumbert took any of Plaintiff's property during the inventory and that, had they done so, Plaintiff would have received a Confiscation Slip (DC-154). ECF No. 99-2 at 2. Officer Phillips further avers that Plaintiff's records not only show

---

[2] Although Defendant Dr. Jin also filed a Response to Plaintiff's Motion and a brief in support thereof, ECF Nos. 90, 91, it is clear that Dr. Jin, who has not worked at SCI Greene for over a year, has no knowledge of or involvement in the inventory of Plaintiff's property on December 22, 2016.

3

that he never received a Confirmation Slip but that the inventory slip, which was signed by Plaintiff on December 22, 2016, specifically indicates that he received three legal books. Id. at 2, 3. Although the inventory slip does not have a separate designation for other legal materials, Plaintiff nevertheless signed the form which, according to Officer Phillips, indicates that Plaintiff received all of his property and that no concerns were raised about missing legal materials. ECF No. 99-1 at 2; ECF No. 99-2 at 3.

Moreover, as Plaintiff himself has attested to, he submitted a request for "an extra legal box" on December 23, 2016. ECF No. 84-1 ¶ 4.[3] Although the request was granted on December 28, 2016, Plaintiff did not receive the extra box until January 21, 2017, which, notably, was two days after Plaintiff filed the instant Motion. Id.; ECF No. 99 ¶¶ 11, 13, 14. Under these circumstances, Plaintiff has not only failed to show the likelihood of success on the merits but he has failed to show that he will suffer immediate and irreparable harm if injunctive relief is not granted. Indeed, having received the extra box of legal materials after seeking the instant temporary restraining order and/or preliminary injunction, it would appear that the issue is moot. Plaintiff's Motion, therefore, is properly denied, albeit without prejudice. Accordingly, the following Order is entered:

## ORDER

AND NOW, this 9th day of February, 2017, upon consideration of Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction, ECF No. 83, and the DOC Defendants Response thereto, ECF No. 99, IT IS HEREBY ORDERED that Plaintiff's Motion is DENIED without prejudice.

---

[3] Although not entirely clear, it would appear that requesting an "extra" legal box would be a box in addition to any legal boxes already in Plaintiff's possession and suggests that Plaintiff had at least some of his legal materials when he made the request. What is clear, is that inmates in the RHU are limited to the amount of property and/or number of boxes that they are permitted to have in their cells at one time but are permitted to exchange property so as not to exceed the permissible amount. See ECF No. 99-2 at 2-3.

IT IS FURTHER ORDERED that the due date for Plaintiff's responses to the DOC Defendants' pending Motion to Dismiss, ECF No. 72, and Dr. Jin's Motion to Dismiss, ECF No. 87, is extended until March 3, 2017.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Stanton Story
AP-3330
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

All counsel of record via CM/ECF