IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANTON STORY, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 15-1241 |
| | ) Chief Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) |
| JOHN E. WETZEL, DORINA VARNER, KERRI MOORE, ROBIN M. LEWIS, L.S. KERNS, BARR, ROBERT GILMORE, TRACEY SHAWLEY, IRMA VIHLIDAL, DR. BYUNGHAK JIN, CAPTAIN ARMSTRONG, CAPTAIN MITCHELL, LT. KELLY, LT. SILBAUGH, LT. HOWELLS, LT. A.J. MORRIS, LT. GREGO, C.O. JOHNSON, C.O. BARNHART, C.O. SCHIRRA, SARGENT PLUMLEY, SARGENT TROUT, and NURSE JANE DOE, | ) ) ) ) ) ) ) ) ) ) ) Re: ECF Nos. 72 and 87 ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

**KELLY, Chief Magistrate Judge**

Plaintiff Stanton Story ("Plaintiff") is an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), and is currently incarcerated at the State Correctional Institution at Greene ("SCI Greene"). Plaintiff initiated this civil action against various DOC officials and employees at SCI Greene ("the DOC Defendants"), alleging that they violated his rights provided by the United States Constitution by shackling him to the wall of a "dry cell" for twenty-six hours and by confiscating his legal and personal property. Plaintiff has also has named Byunghak Jin, MD ("Dr. Jin") as a defendant contending that Dr. Jin violated his constitutional rights when he performed an anal probe on Plaintiff and by failing to treat him for a skin condition and facial and nose pain that Plaintiff was experiencing. ECF No. 12.

Following the adjudication of Motions to Dismiss filed by the DOC Defendants and Dr. Jin, ECF Nos. 49, 57, Defendants DOC officials John E. Wetzel, Dorina Varner, Kerri Moore, Robin M. Lewis, L.S. Kerns Barr, Robert Gilmore, Tracey Shawley, Irma Vihlidal, Captain Armstrong, Captain Mitchell, Lt. Silbaugh, Lt. Howells, Lt. A.J. Morris, and Lt. Grego were dismissed from the action. ECF No. 70. In addition, all of Plaintiff's claims except for his Eighth Amendment claim brought at Count II against Defendants Lt. Kelly, C.O. Johnson-I, C.O. Barnhart, C.O. Schirra, and Sargent Plumley stemming from being shackled to the wall of a dry cell and his state law claim for conversion brought at Count VII against Defendants Sargent Trout and C.O. Johnson-II were dismissed. Id.[1] Plaintiff, however, was granted leave to file an Amended Complaint with respect to two claims: his Eighth Amendment deliberate indifference claim brought against Dr. Jin at Count IV of the Complaint and his First Amendment access to the court claims brought at Count VI against Defendants Sargent Trout and C.O. Barnhart. Plaintiff filed an Amended Complaint on December 9, 2016. ECF No. 71.

The remaining DOC Defendants and Dr. Jin have now filed renewed Motions to Dismiss arguing that Plaintiff has failed to cure the defects cited in the Court's Opinion relative to Counts IV and VI. ECF Nos. 72, 87. Plaintiff has filed "Objections" to both Motions, ECF Nos. 100 and 109, and Dr. Jin has filed a Reply to Plaintiff's Objections. ECF No. 105. As such both Motions are ripe for review.

---

[1] At the conclusion of its earlier Opinion, the Court mistakenly noted that the only claims remaining for adjudication absent the filing of an Amended Complaint are Plaintiff's Eighth Amendment cruel and unusual punishment claims brought at Count IV against Defendants Kelly, Johnson-I, Barnhart and Schirra relative to Plaintiff being handcuffed to a wall for 26 hours and his state law claim for conversion brought at Count VII against Defendants Plumley, Trout and Johnson-II. In fact, Plaintiff has brought his Eighth Amendment cruel and unusual punishment claims at *Count II* of the Complaint against Defendants Kelly, Johnson I, Barnhart, Schirra *and Plumley* and his state law claims for conversion brought at Count VII are against Defendants Trout and Johnson II, and not Plumley.

**I.     STANDARD OF REVIEW**

In assessing the sufficiency of the complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff.  Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008).  The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint.  See Cal. Pub. Empl. Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), *citing* Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Nor must the Court accept legal conclusions set forth as factual allegations.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id., *citing* Papasan v. Allain, 478 U.S. 265, 286 (1986).  Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  See Phillips v. Cty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

In addition, pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520–521 (1972).  In a civil rights action, the court must liberally construe the pro se litigant's

pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002), *quoting* Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247–48 (3d Cir. 1999). Notwithstanding this liberality, pro se litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. See, e.g., Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

## II.   DISCUSSION

### A.   The DOC Defendants' Motion to Dismiss First Amendment Claim (Count VI)

Plaintiff alleges at Count VI of the original Complaint that his right of access to the courts provided by the First Amendment to the Constitution was violated when his legal materials were confiscated by DOC Defendants Trout and Barnhart. ECF No. 12 ¶¶ 66-69, 106.

An incarcerated prisoner, like any other citizen, has a constitutionally protected right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The United States Supreme Court has established that in order to have standing to bring a claim for denial of access to the courts, an inmate must establish that he suffered an "actual injury" as a result of the alleged denial. Id. at 349. See Dunbar v. Barone, 487 F. App'x 721, 724 (3d Cir. 2012). "Actual injury occurs when a prisoner demonstrates that a 'nonfrivolous' and 'arguable' claim was lost because of the denial of access to the courts." Fortune v. Hamberger, 379 F. App'x 116, 120 (3d Cir. 2010), *quoting* Christopher v. Harbury, 536 U.S. 403, 415 (2002). See Dunbar v. Barone, 487 F. App'x at 724; Atwell v. Lavan, 557 F. Supp. 2d 532, 558-59 (M.D. Pa. 2008), *aff'd*, 366 F. App'x 393 (3d Cir. 2010) (proof of actual injury caused by virtue of absence of records is required). Thus, in order to state a claim for denial of access, the allegedly lost suit must have been non-frivolous since losing the ability to litigate a frivolous suit simply causes no injury. Christopher v. Harbury, 536 U.S. at 415. It therefore follows that "the underlying cause of

4

action . . . is an element that must be described in the complaint, just as much as the allegations must describe the official acts frustrating the claim." Id. See id. at 416 ("[h]ence the need for care in requiring that the predicate claim be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope").

In this case, the Court previously dismissed Plaintiff's First Amendment claim finding that Plaintiff's general allegations that he informed Defendant Trout that he had "open cases in Federal and State Court," and that the confiscation of his legal documents caused him to miss important deadlines which, in turn, caused "litigations in both state and federal court to be denied," was insufficient to describe the underlying causes of action or demonstrate that Plaintiff suffered an actual injury. ECF No. 70 at 15. The Court also found that the documents that Plaintiff attached to his original Complaint to support his claim did not demonstrate that any filing deadlines were missed. Id. at 15-16.

In the Amended Complaint, Plaintiff largely reiterates the same factual allegations set forth in his original Complaint and cites to the same documents that he attached thereto, which this Court already determined were insufficient to support a First Amendment access to the courts claim.[2] ECF No. 71 ¶¶ 33-48. Although Plaintiff specifically alleges in the Amended Complaint, unlike in the original Complaint, that his Petition for Allowance of Appeal to the Pennsylvania Supreme Court was denied because the legal documents putting forth his argument were amongst the documents confiscated by Trout and Barnhart, Plaintiff does not set forth any

---

[2] Specifically, the Court found that the orders from the Supreme Court and Superior Court of Pennsylvania show only that Plaintiff had an appeal from the denial of a PCRA petition pending in the Superior Court of Pennsylvania in March and April of 2014, and that his subsequent Petition for Allowance of Appeal to the Supreme Court of Pennsylvania was denied in January of 2015. ECF No. 70 at 15. With respect to the order from the Third Circuit Court of Appeals dated July 1, 2015, in which Plaintiff's application for a certificate of appealability in a habeas proceeding was denied, the record shows that Plaintiff's Motion to Amend/Correct Petition for Writ of Habeas Corpus, which is the subject of the Order at issue, was denied by the District Court on September 30, 2014, and Plaintiff's Notice of appeal to the Third Circuit Court of Appeals was filed on October 27, 2014, and thus, contrary to Plaintiff's suggestion, the appeal and/or request for a certificate of appealability was timely filed.

5

facts regarding the nature of the appeal, the underlying issues or any facts to suggest his case had any merit. Plaintiff therefore has failed to plead facts that would suggest he suffered an actual injury as the result of his documents being confiscated and thus has failed to cure the defects in his original Complaint. As such, Plaintiff has failed to state a First Amendment access to the courts claim against Defendants Trout and Barnhart and Count VI of the Amended Complaint is properly dismissed.

      **B.**      **Dr. Jin's Motion to Dismiss Eighth Amendment Claim (Count IV)**

At Count IV of the original Complaint Plaintiff raises a claim against Dr. Jin for deliberate indifference to Plaintiff's medical needs in violation of his rights provided by the Eighth Amendment. Specifically, Plaintiff alleged that in November of 2014, Dr. Jin charged him for a sick call visit but refused to prescribe anything to Plaintiff for his skin condition, and that in December of 2014, Dr. Jin charged him a fee but refused to administer medical attention for pain that Plaintiff was experiencing around the right side of his nose and nostril area. ECF No. 12 ¶¶ 101, 59-60. See ECF No. 12-1 at 19-21.

The Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide basic medical treatment to those whom it has incarcerated and that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction proscribed by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). Thus, in order to establish an Eighth Amendment violation, a plaintiff must demonstrate: (1) a serious medical need; and (2) that the defendants were deliberately indifferent to that need. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a

doctor's attention." Monmouth Cty. Corr. Institutional Inmates v. Lanzaro, 347 (3d Cir. 1987). A serious medical need may also be found to exist where the denial or delay of treatment results in "unnecessary and wanton infliction of pain." Id. See Latona v. Pollack, No. 07-1 E, 2010 WL 358526, at *7 (W.D. Pa. Jan. 25, 2010), *aff'd sub nom.* Latona v. Prison Health Servs. Inc., 397 F. App'x 807 (3d Cir. 2010).

In order to establish deliberate indifference, a "plaintiff must make an 'objective' showing that the deprivation was 'sufficiently serious,' or that the result of defendant's denial was sufficiently serious. Additionally, a plaintiff must make a 'subjective' showing that defendant acted with a 'sufficiently culpable state of mind.'" Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002), *citing* Wilson v. Seiter, 501 U.S. 294, 298 (1991). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Wilson v. Burks, 423 F. App'x 169, 173 (3d Cir. 2011), *quoting* Farmer v. Brennan, 511 U.S. 825, 837 (1994).

With respect to Plaintiff's claim that Dr. Jin refused to treat a skin condition in November of 2014, Plaintiff has not added any new averments in the Amended Complaint to support his claim and therefore has failed to cure the deficiencies citied by the Court in its earlier Opinion. ECF No. 70 at 25-26. That portion of Count IV will therefore be dismissed.

With respect to Plaintiff's claim against Dr. Jin for failing to treat Plaintiff's facial pain in December of 2014, the Court previously found that Plaintiff had failed to state a claim because it was not clear from the allegations in the Complaint that suffering from facial pain could be considered a serious medical need and because Plaintiff had not alleged any facts concerning the onset of the pain, the extent of the pain or the duration of the pain. ECF No. 70 at 25-26. Nor had Plaintiff alleged any facts from which the inference could be made that a substantial risk of

harm existed, that Dr. Jin was aware of those facts, that Dr. Jin actually drew the inference, or that Plaintiff suffered any harm as the result of Dr. Jin's alleged inaction. Id.

In the Amended Complaint, however, Plaintiff has alleged that the facial pain he was experiencing was the result of an infectious abscess which ultimately required Plaintiff to undergo root canal surgery; that Dr. Jin consistently denied and refused to give Plaintiff medical assistance when Plaintiff was clearly suffering and in pain; that once Plaintiff was released from the RHU and was seen by another doctor, he was referred to the dentist because of the pain and swelling in Plaintiff's face and nose; that Plaintiff was in excruciating pain and was forced to suffer the pain until he was released from the RHU months later; and that Dr. Jin's deliberate indifference is evidenced by Plaintiff having to wait until he was released from the RHU and seen by another doctor to be treated for the abscess. ECF No. 71 ¶¶ 15, 25, 26, 28, 30.

The Court finds that these assertions, viewed in the light most favorable to Plaintiff, are sufficient to state a plausible claim for deliberate indifference to a serious medical need as it can properly be inferred from these allegations that Dr. Jin was aware of, and declined to treat, Plaintiff's excruciating facial pain which resulted in Plaintiff continuing to suffer severe pain for "months." See Monmouth Cty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d at 346 ("[w]here prison authorities deny reasonable requests for medical treatment, however, and such denial exposes the inmate to undue suffering or the threat of tangible residual injury . . . deliberate indifference is manifest") (internal quotations and citations omitted); Scantling v. Vaughn, No. 03-0067, 2004 WL 306126, at *7 (E.D. Pa. Feb. 12, 2004) ("[a] prison official may be found to be deliberately indifferent when . . . reasonable requests for medical treatment are denied and the denial exposes the inmate to undue suffering"); Green v. Mazzone, No. 99-3190, 2002 WL 1636709, at *4 (D.N.J. July 19, 2002), quoting Estelle v. Gamble, 429 U.S. at 110 ("the

8

Supreme Court has found deliberate indifference when prison officials provided consistently ineffective treatment 'in the face of resultant pain'"). As such, Plaintiff's claim brought at Count IV of the Complaint relative to Dr. Jin's alleged failure to treat Plaintiff's facial pain remains viable.

## IV.  CONCLUSION

For the foregoing reasons, the DOC's Motion to Dismiss is properly granted, and Dr. Jin's Motion to Dismiss is properly granted with respect to his alleged failure to treat Plaintiff's skin condition but will be denied with respect to Dr. Jin's alleged failure to treat Plaintiff's facial pain. Accordingly the following Order is entered:

## ORDER

AND NOW, this 24th day of May, 2017, upon consideration of the Motion to Dismiss submitted on behalf of the DOC Defendants, ECF No. 72, and Plaintiff's response thereto, IT IS HEREBY ORDERED that the Motion is GRANTED and Count IV of the Complaint is dismissed. IT IS FURTHER ORDERED that, upon consideration of the Motion to Dismiss submitted on behalf of Dr. Jin, ECF No. 87, Plaintiff's response thereto and Dr. Jin's reply brief, Dr. Jin's Motion to Dismiss is GRANTED IN PART AND DENIED IN PART as follows: the Motion is granted with respect to Plaintiff's Eighth Amendment claim brought at Count IV of the

Complaint relative to Dr. Jin's failure to treat Plaintiff's skin condition and denied with respect to Plaintiff's claim that Dr. Jin failed to provide him with medical care for his facial pain.[3]

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Stanton Story
AP-3330
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

All counsel of record via CM/ECF

---

[3] Accordingly, the only claims remaining for adjudication are Plaintiff's Eighth Amendment cruel and unusual punishment claims brought at Count II of the Complaint against Defendants Kelly, Johnson-I, Barnhart, Schirra and Plumley relative to Plaintiff being handcuffed to a wall for twenty-six hours; Plaintiff's Eighth Amendment deliberate indifference claim brought at Count IV against Dr. Jin relative to his alleged failure to treat Plaintiff's facial pain; and Plaintiff's state law claims for conversion brought at Count VII against Defendants Trout and Johnson-II.