IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANTON STORY, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 15-1241 |
| | ) Chief Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) |
| JOHN E. WETZEL, DORINA VARNER, KERRI MOORE, ROBIN M. LEWIS, L.S. KERNS, BARR, ROBERT GILMORE, TRACEY SHAWLEY, IRMA VIHLIDAL, DR. BYUNGHAK JIN, CAPTAIN ARMSTRONG, CAPTAIN MITCHELL, LT. KELLY, LT. SILBAUGH, LT. HOWELLS, LT. A.J. MORRIS, LT. GREGO, C.O. JOHNSON, C.O. BARNHART, C.O. SCHIRRA, SARGENT PLUMLEY, SARGENT TROUT, and NURSE JANE DOE, | ) ) ) ) ) ) ) ) ) ) Re: ECF No. 127 ) ) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

Presently before the Court is Plaintiff's Motion to Compel the Production of Documents in which he objects to the responses Defendants provided to his discovery requests arguing that Defendants have not fully provided him with the documents he seeks. For the following reasons, Plaintiff's Motion will be denied.

The scope of discovery is defined by Rule 26(b)(1) of the Federal Rules of Civil Procedure which provides:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to

> the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the Court's sound discretion and judgment. Smith v. Donate, No. 4:10-2133, 2011 WL 5593160, at *2 (M.D. Pa. Nov. 17, 2011), *quoting* Wisniewski v. Johns–Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). This discretion is guided, however, by certain basic principles, mainly, that Rule 26's broad definition reaches only "nonprivileged matter that is relevant to any party's claim or defense." Id. at 3. Therefore, valid claims of relevance and privilege restrict the Court's discretion in ruling on discovery issues. Id.

> Further,
>
> [a] party moving to compel discovery bears the initial burden of proving the relevance of the requested information. *Morrison v. Phila. Housing Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure."

Id., *quoting* In re Urethane Antitrust Litigation, 261 F.R.D. 570, 573 (D. Kan. 2009).

Here, the Court finds the following:

**Request No. 1:**

In Request No. 1, Plaintiff requests all letters, requests and grievances filed by any inmate over the past three years relative to shackling/handcuffing to the wall in the "dry cell" of the hospital in order to prove "defendant Kelly's knowledge and failure to act . . . ." ECF No. 127-1 ¶ 1; ECF No. 128 at 2. Requests and grievances filed by other inmates, however, would not give Defendant Kelly any more "knowledge" relative to Plaintiff being shackled to the wall in the dry cell on September 21, 2014, and thus are irrelevant. Moreover, Defendants have

represented that requests are not required to be kept and grievances are maintained by inmate making it overly burdensome to try and locate the information sought. ECF No. 130-1 ¶ 1. See ECF No. 130 ¶ 4. Moreover, to the extent such documents relate to other inmates, they are privileged and confidential. Id.

**Request No. 2:**

Plaintiff seeks any policies and procedures at SCI-Greene relative to the shackling/handcuffing of inmates to the wall which Plaintiff argues he is entitled to because it would not put an undue burden on Defendants. ECF No. 127-1 ¶ 1; ECF No. 128 at 2. Defendants, however, have not objected to the request as being unduly burdensome but have objected, correctly so, because the information Plaintiff seeks is privileged and confidential and could pose a security risk to inmates and/or staff. ECF No. 130-1 ¶ 2. See ECF No. 130 ¶¶ 5, 6.

**Requests No. 3:**

In Request No. 3, Plaintiff seeks any and all court decisions or consent decrees entered against Defendants concerning shackling/handcuffing inmates to the wall which he also contends he is entitled to because it would not be unduly burdensome of Defendants to produce. ECF No. 127-1 ¶ 3; ECF No. 128 at 2. The record shows, however, that Defendants responded to the Request stating that they are not aware of any such court decisions or consent decrees. ECF No. 130-1 ¶ 3. Defendants cannot be ordered to produce that which they does not exist or which they do not possess. See Smith v. Donate, 2011 WL 5593160, at *4.

**Request No. 4:**

Plaintiff requests all letters, requests and grievances filed by any inmate over the past three years relative to the use of strip cells and dry cells. ECF No. 127-1 ¶ 3. To support his Request, Plaintiff again simply states in his brief in support of his Motion that providing this

3

information would not be unduly burdensome to Defendants, ECF No. 128 at 2. Plaintiff, however, does not address Defendants' objection that locating such information would be unduly burdensome as any such documents, if maintained at all, are maintained according to the inmate and would require review of every inmate's file. ECF No. 130-1 ¶ 4. Further, to the extent such documents relate to other inmates, they would appear to be privileged and confidential and irrelevant to Plaintiff's situation. Id. See ECF No. 130 ¶ 9.

**Request No. 5:**

Similarly, Plaintiff's argument that producing any and all unusual incident reports, use of force reports and disciplinary charges concerning the use of shackling/handcuffing inmates to the wall, as requested in Request No. 5, would not be unduly burdensome, ignores Defendants' objections to the contrary. ECF No. 127-1 ¶ 5; ECF No. 128 at 2. Indeed, Defendants have represented that extraordinary occurrence reports and incident reports are kept daily and by date, thereby requiring review of numerous boxes of documents, and that misconducts are kept by inmate which would require review of every inmate's file. ECF No. 130-1 ¶ 5. See ECF No. 130 ¶ 9. Further, as stated by Defendants, such information does not appear to be relevant to Plaintiff's claim and, to the extent it pertains to other inmates, would be privileged and confidential. Id.

**Request Nos. 6 and 7:**

In response to Plaintiff's Request Nos. 6 and 7, in which he seeks any and all videos from September 21, 2014, of the visiting room, the strip and search area, the holding cell area and the dry cell, Defendants stated that the only video footage that exists from that date is that of the visiting room and that the video would be made available for Plaintiff to view. ECF No. 130-1 ¶¶ 6, 7. See ECF No. 127-1 ¶¶ 6, 7; ECF No. 130 ¶ 10. Plaintiff was advised to contact the

4

Superintendent's Assistant at SCI-Greene to make those arrangements. ECF No. 130-1 ¶ 6. Thus, contrary to Plaintiff's assertion, Defendants did respond to these discovery requests and provided Plaintiff with access to the only video that exists. See Smith v. Donate, 2011 WL 5593160, at *4.

**Request Nos. 8 and 9:**

Plaintiff has requested copies of all of his medical records and records of any treatment he has received since his arrival at SCI-Greene in December of 2006, and, more specifically, his medical records from September 21, 2014 to July 31, 2015 relating to the treatment he received after being shackled/handcuffed to the wall. ECF No. 127-1 ¶¶ 8, 9; ECF No. 128 at 2. Although Defendants declined to produce Plaintiff's medical records from as far back as December of 2006, they did provide Plaintiff with his medical records from May of 2014, until April of 2016, which appear to be the only records relevant to Plaintiff's claims. ECF No. 130-1 ¶¶ 8, 9. See ECF No. 130 ¶ 11.

Accordingly, the following Order is entered:

## **ORDER**

AND NOW, this 28th day of September, 2017, upon consideration of Plaintiff's Motion to Compel Production of Documents and Brief in Support, ECF Nos. 127 and 128, and Defendants' Response thereto, ECF No. 130, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel is DENIED.

BY THE COURT:


/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Stanton Story
AP-3330
SCI-Greene
175 Progress Drive
Waynesburg, PA 15370

All counsel of record via CM/ECF